**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SHONNE SMITH**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12 C 7173 |
| | ) | |
| **CITY OF CHICAGO**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Shonne Smith ("Smith"), seeking to invoke 42 U.S.C. §1983, has used the form

complaint provided by this District Court's Clerk's Office to sue the City of Chicago and two

"John Does" in its Police Department (one an officer, the other a shift commander). Because

Smith has neither paid the $350 filing fee nor followed the procedures needed to qualify for

in forma pauperis treatment under 28 U.S.C. §1915 ("Section 1915"), this memorandum order is

being issued sua sponte to address that threshold problem.

As Section 1915(a) makes plain, any prisoner who wishes to file a federal lawsuit[1] must

pay the $350 filing fee in advance or, if unable to do so, must submit an In Forma Pauperis

Application ("Application") together with a printout of the transactions in his trust fund account

at the custodial institution for the six-month period preceding the filing of suit. Smith has not

tendered a filled-out Application, and the Dixon trust fund statement that he <u>has</u> submitted

reflects only a single deposit of $0.34 (a payroll item received on June 13, 2012) during the entire

---

[1]    Smith's papers show that he is in custody at the Dixon Correctional Center ("Dixon").

period from December 28, 2011 to the current date.[2]  Accordingly, copies of the Application

form are being transmitted to Smith together with a copy of this memorandum order, and when

the form is filled out, signed and returned, this Court will act promptly to make the

determination, and to enter the order, called for by Section 1915.[3]

_____

Milton I. Shadur
Senior United States District Judge

Date:  September 12, 2012

---

[2]    That seems awfully odd, but the document looks official, and this Court will take it at face value.

[3]    No ruling is made or suggested here as to the viability or nonviability of Smith's claims of constitutional deprivation.  That subject remains for future consideration as and when Smith completes the necessary procedural precondition to suit.